[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10491
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 22, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 89-06146-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM FRANCIS STAMBOULIDES,
a.k.a. Billy Stamboulides,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 22, 2005)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

On June 25, 1991, a Southern District of Florida jury having found appellant

guilty of twenty-three counts of wire fraud, one count of conspiracy to commit

wire fraud, and six counts of extortion, the district court sentenced him to prison

terms totaling 135 months.[1]  He appealed his convictions; we affirmed.  United

States v. Wolfe, 16 F. 3d 1231 (11th Cir. 1994) (Table).   After appellant

unsuccessfully challenged his convictions under 28 U.S.C. § 2255, he moved the

district court on November 24, 2004, to compel the Government to file a Fed. R.

Crim. P. 35(b)(2) motion for the reduction of sentence.

In his motion to compel, appellant contended that (1) he had provided the

Government with substantial assistance in connection with a number of cases,

based on knowledge that he obtained while incarcerated; (2) in January 2001, the

Government entered into a formal oral "cooperation agreement" with him,

agreeing to file a motion to reduce his sentence based on that substantial

assistance; and (3) the Government had reneged on its promise to file a Rule 35(b)

motion for that substantial assistance.  In his memorandum in support of his

motion, appellant argued that (1) the Government acted in bad faith and otherwise

breached the oral agreement by not filing a Rule 35(b) motion, and (2), under

_____

[1] The court acquitted appellant of one count of wire fraud following the return of the jury's verdict.  Since all of the offenses were committed after November 1, 1987, the court sentenced appellant under the guidelines system created by the Sentencing Reform Act of 1984. The court provided that appellant's sentences would run consecutively to the sentences appellant received in a Northern District of Georgia case, United States v. Grab, 990 F.2d 1267 (11th Cir. 1993 (Table).

2

Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1972), the district court had authority, irrespective of an agreement, to grant him relief if the Government's decision not to file a Rule 35(b) motion was arbitrary, i.e., not rationally related to any legitimate government end.

Before the Government could respond, the court sua sponte disposed of the motion. On December 21, 2004, it entered an order denying the motion "for lack of jurisdiction." Record, Vol 1 at 480. Appellant now appeals.

Before we can address the legal sufficiency of appellant's motion, we must determine whether the district court had subject matter jurisdiction to entertain the motion. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-102, 118 S.Ct. 1003, 1012-16, 140 L.Ed.2d 210 (1998). Assuming for sake of argument that appellant's motion is facially sufficient—an issue we address below—the question is whether, at the time appellant filed his motion, the Government could have moved the district court to reduce his sentence. The answer is yes, if the Government could satisfy one or more of Rule 35(b)(2)'s requirements. That Rule states:

> (2) **Later Motion**. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
> (**A**) information not known to the defendant until one year or more after sentencing;
> (**B**) information provided by the defendant to the

3

government within one year of sentencing but which did not become useful to the government until more than one year after sentencing; or

(**C**) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

It appears from appellant's submissions in support of his motion to compel that the Government could have invoked the district court's jurisdiction under one or more of these subsections, A, B, or C. The court therefore had jurisdiction to entertain appellant's motion provided that it is facially sufficient, a matter we turn to now.

The government has "'a power, not a duty, to file a motion [for sentence reduction] when a defendant has substantially assisted.'" United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 1993) (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992)) (holding such in the context of U.S.S.G. § 5K1.1). The Supreme Court has expressed it this way: "federal courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," like "race or religion," or was not "rationally related to any legitimate [g]overnment end." Wade, 504 U.S. at 185-86, 112 S.Ct. at 1843-44 (holding such in the context of U.S.S.G. § 5K1.1). A defendant who

4

merely claims to have provided substantial assistance or only alleges in a conclusory way that the government acted with an improper motive, however, is not entitled to a remedy or even to discovery or an evidentiary hearing. Id. at 186, 112 S.Ct. at 1844. In sum, a district court has jurisdiction to consider a motion to compel, such as appellant's, where there is an allegation and substantial showing that the government's refusal to file a "substantial assistance" motion is not "rationally related to any legitimate [g]overnment end."

In that the district court denied appellant's motion without the benefit of the Government's response, we cannot tell whether the Government refused to file a Rule 35(b)(2) motion because none of the requirements of Rule 35(b)(2)(A),(B), or (C) were satisfied or, if they were satisfied, whether the Government's refusal to file such motion was not rationally related to a legitimate government end. These are issues the district court should address in the first instance.

We therefore vacate the district court's judgment and remand the case for further proceedings not inconsistent herewith. In doing so, we intimate no view on the merits of appellant's position.

VACATED and REMANDED.